UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN BROWN # 416331,

    Plaintiff,

v.

MIKE DUGGAN-Former Wayne County
Prosecuting Attorney; KYM L. WORTHY Current
Wayne County Prosecuting Attorney; 36th
DISTRICT COURT FOR THE CITY OF DETROIT: 3rd
JUDICIAL CIRCUIT COURT FOR COUNTY OF WAYNE:
INVESTIGATOR JAMES FISHER-Detroit Police
Department; INVESTIGATOR TERRILL SHAW-Detroit
Police Department; and INVESTIGATOR BARBARA
SIMON-Detroit Police Department.

    Defendant.

COMPLAINT

JURY TRIAL REQUESTED

Case:2:10-cv-14589
Judge: Duggan, Patrick J
MJ: Whalen, R. Steven
Filed: 11-18-2010 At 11:26 AM
PRIS BROWN V. DUGGAN ET AL (DA)

**Preliminary Statement**

    This is a civil rights action filed by Steven Brown, a state prisoner, for damages and injunctive relief under 42 USC § 1983, alleging unlawful arrest, detention for purposes of extracting a confession, unlawful delay in arraignment purposes of coercion and denial of medical care in violation of the Fourth, Eighth and Fourteenth Amendment to the United States Constitution, and confinement in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. Further, that the acts were committed inside a conspiratorial alliance, designed to interfere with plaintiff's civil rights and this action encompasses a claim under 42 USC § 1985. The plaintiff also alleges the tort of negligence.

**Jurisdiction**

    1. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 USC §§ 1331 and 1343.[28 USC §§ 1331,1343]

    2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 USC § 1367.

1

**Parties**

3. The plaintiff, Steven Brown, was arrested and taken into custody for questioning and was lodged at Detroit Police Headquarters at 1300 Beaubien, Detroit, Mi 48226, on the 9th Floor lockup and repeatedly conveyed between Homicide Division and the 9th Floor lockup during the events described in this Complaint. Currently he is incarcerated (as a direct result of the violative acts of the defendants) at the Mound Correctional Facility, 17601 Mound Road, Detroit MI 48212.

4. Defendants Mike Duggan and Kym L. Worthy, was/is the prosecuting attorney for the County of Wayne, Frank Murphy Hall of Justice, 1441 St. Antione, Detroit, MI 48226. They are sued in their individual and official capacities, as the law so permits. [These two (2) defendants set in motion (and/or caused) the events that violated the plaintiff's rights].

5. Defendant, 36th District Court for the City of Detroit, 421 Madison, Detroit, MI 48226, was the warrant issuing authority/official and/or agency, which, in whole or in part, set in motion and/or aided/caused the unlawful arrest, delay in arraignment, and the questioning/interrogating for the sole purpose of extracting a confession, permitted, authorized and/or excused the unlawful detention for unlawful law enforcement purposes. Is sued in its official capacity.

6. Defendant, 3rd Judicial Circuit Court for the County of Wayne, 2 CAYMC, Detroit, MI 48226, (acting in furtherance of the acts committed by the former Recorder's Court for the City of Detroit), was the unlawful delay in arraignment sanctioning, excusing and/or aider in the due process and Forth Amendment violation(s) surronding arrest, delay, and detention for unlawful purposes and acted to adjudicate a criminal matter in want of jurisdiction to further cause unlawful restraint of plaintiff's liberty.

Is sued in its official capacity.*1

7. Defendants James Fisher, Terrill Shaw and Barbara Simon Homicide investigators employed at the Detroit Police Department, 1300 Beaubien, Detroit, MI 48226, who were the officers in charge, investigators and arresting officers (officials) in plaintiff's case, who individually and jointly made/caused the unlawful arrest, delay in arraignment, held plaintiff incommunicado, denied him a phone call to family, refused his request for an attorney to be present, did not advise him of his Miranda rights before questioning (interrogation), refused to afford, secure or obtain medical care for plaintiff, injected him to inhumane conditions (treatments), all for the purpose of extracting a confession from plaintiff. They are sued in their individual and official capacities.

8. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint."

---

*1 Subject matter limitations on jurisdiction must be policed by the courts on their own initiative. U.S. v Bowers, 615 F3d 715 (CA 6, 2010). The burden of proving jurisdiction is on the party seeking to establish it, and this burden may not be shifted to the other party. Great River Habitat Alliance v Federal Emergency Management Agency, 615 F3d 985 (CA 8, 2010). [Charging papers, timely arraignments and proper/lawful arrests convey jurisdiction upon the courts.

"Plaintiff has continued to diligently seek investigation, inquiry and resolution [and/or vindication of his rights] from the defendants, namely the prosecuting authorities, adjudicators, and responsible law enforcement officials/agencies. Having last communicated with defendant Kym L. Worhty in November 2009. The full discovery and development of the "factual predicate" for the claims was not actually made until year 2009. In fact, postconviction proceedings relative to the conviction that resulted continues. However, there is no Heck v Humphrey, 512 US 477; 114 S Ct. 2364; 129 LED 2d 383 (1994), in that, in the present case, there is no requirement of termination of prior proceedings in favor of accused. As noted earlier, continuing communication/correspondence seeking to establish factual predicate for claims and a relolution, see November 30, 2009 letter from defendant Worthy's Office; [May 13, 2002, letter from NAACP to U.S. Attorney's Office as referral for investigation], and December 9, 2009, letter to defendant 3rd Judicial Circuit Court. Hence, no statute of limitations problems.

9. All the defendants, working in concert, engaged in a conspiracy to interfere with plaintiff's civil rights under 42 USC § 1985(3). See also 42 USC § 1981. [Nieto v United Auto Workers Local 598, 672 F. Supp. 987 (E.D. Mich. 1987)].

**Facts**

10. On September 8, 1999, at 12:05 p.m., plaintiff was arrested and taken into custody for "questioning", after having consented to a search of his home. A search that revealed no incriminating evidence relative to the alleged charge. The arrest was warrantless. No Miranda warning was given.[3]

11. Plaintiff was held for over two (2) hours until 3:30 p.m., when defendant Inv. James Fisher without given miranda attempted to question plaintiff, although denying that he interrogated him. Plaintiff confirmed that he was not given his miranda rights, but stated that defendant Fisher had questioned him at both the scene of the arrest and while at Homicide Division.

12. Plaintiff repeatedly requested a lawyer and to call his family so they could get a lawyer. [**Notation was made that plaintiff was to be held incommunicado "no calls, no visits"**]. Such was testified to by defendant Terrill Shaw because plaintiff refused to confess. Defendant Fisher took plaintiff to the 9th Floor lockup where he was forced to spend an awful, dehumanizing night.

---

[3] Speedy/timely arraignments on warrantless arrests are mandatory in respecting due process and jurisdiction. A jurisdictional defense is a complete defense, i.e., a defense that would bar conviction even if the people prove thier case. People v Davis, 123 Mich App 553; 332 NW2d 606 (1983). See People v Johnson, 396 Mich 424; 240 NW2d 729 (1976); People v Beckner, 92 Mich App 166; 285 NW2d 52 (1979); People v Parney, 74 Mich App 173; 253 NW2d 698 (1977).

**Note:** After having been charged with First-Degree Felony Murder, plaintiff was convicted of Second-Degree Murder after trial before the Honorable George W. Crockett, III. in former Recorder's Court. On June 28, 2002, he was sentenced to a term of 25 to 50 years imprisonment for the 2nd degree murder conviction. See **fn.***, **infra**.

13. As the record reveals, Plaintiff was arrested on 09/08/1999, and was not arraigned until 09/13/1999, some five (5) days (in excess of a 100 hours) later. Having earlier explained what took place on arrest day 09/08/1999), Plaintiff now sets forth what transpired on the remaining days prior to arraignment. **[Causal connection is satisfied herein, in that, defendants Mike Duggan, James Fisher, Terrill Shaw and Barbara Simon, either set in motion or directly perpetrated a series of events that they knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights. The rights violated by defendants were clearly established statutory or constitutional rights of which a reasonable person would have known. See Mink v Knox, 613 F3d 995, 1000 (10th Cir. 2010), quoting Wilson v Layne, 526 S 603, 609; 119 S Ct. 1692; 143 LED 2d 818 (1999)].**

Events Surrounding Unlawful Arrest, Interrogation and Failure to Arraign:

Day One was September 8, 1999, [arrest day allegedly for "questioning" as previously explained above.

14. <u>Day 2 - Thursday, September 9, 1999</u>

The next day, defendant Inv. Fisher brought plaintiff down to Homicide at 4:30 p.m.. He put plaintiff in the tiny interrogation room, but denied that he questioned plaintiff. Fisher returned plaintiff to the 9th Floor over 2 hours later at 6:45 p.m. Both defendants Fisher and Shaw (the primary officers in charge of the case) claimed that they did not interrogate

5

plaintiff and that they had no idea plaintiff was brought to Homicide that day.

Plaintiff testified that defendant Fisher put him in the interrogation room, and did not give him his Miranda warnings or the Miranda rights form. Defendant Fisher ignored plaintiff's request for an attorney and repeatedly tried to get plaintiff to talk about the incident (crime), claiming he knew plaintiff was involved. At one point Fisher told plaintiff that he was going to pin a murder on him. Then Fisher switched tactics and played on plaintiff's Christian beliefs in an attempt to get him to "confess his sins." When plaintiff still refused to "confess," Fisher took him back to the 9th Floor lockup.

At some point on Day 2, defendant Inv. Shaw went up to the 9th Floor lockup and questioned plaintiff. He (Shaw) asked him what his nickname was. Plaintiff responded, "YoYo." Shaw admitted he didn't advise plaintiff of his Miranda rights.

15. **Day 3 - Friday, September 10, 1999**

On the third day, plaintiff was put into a line-up for the eyewitness Chere Tutt at 11:05 a.m. Tutt identified someone else in his line-up as the perpetrator. Later, at 1:15 p.m. defendant Inv. Barbara Simon brought plaintiff down to Homicide and put him in a room where she left him. Before she got back to him, plaintiff had to vomit so another officer took him to the restroom. Simon claims she did not get around to talking to plaintiff until 3:21 p.m., when she had him sign a constitutional rights form. Simon said that they talked for 39 minutes until 4:00 p.m., when she started a written statement for plaintiff to sign. She (Simon) conceded that plaintiff initially denied being at the bank or having any involvement in the incident. But then for no apparent reasons, admitted he was there and said he did not

6

shoot anyone. Simon wrote out the statement for plaintiff to sign. Officer Eaton returned plaintiff to the 9th Floor at 5:35 p.m.

16. **Day 4 - Saturday, September 11, 1999**

Plaintiff collapsed in his cell some time before 9:30 a.m. and was taken to Detroit Receiving Hospital where he spent the day. The Wayne County Prosecutor's Office (Mike Duggan) authorized the warrant for Plaintiff's arrest.

17. **Day 5 - Sunday, September 12, 1999**

Plaintiff still held incommunicado on the 9th Floor.

18. **Day 6 - Monday, September 13, 1999**

On Monday, September 13, 1999, Plaintiff was arraigned on the warrant after having been held incommunicado for several days by defendants for the sole purpose of extracting a confession by any means possible.

19. The following exchange took place between the Defense Counsel and the Court, regarding "Judicial Notice" of the unnecessarily delayed arraignment:

> Q. All right. We'll deal with that.
>    Nobody took him in front of a judge on the 12th either,
>    did they?
>
> A. I don't know. No, I don't think so.
>
> MR. HART: Judge, I would ask the court to take judicial notice that Mr. Brown was not arraigned in front of a judge until September 13th of 1999.
>
> **THE COURT: I can't because whoever issued the warrant and whoever signed the complaint did not date either.**
>
> MR. HART: I'm talking about when he got arraigned.
>
> THE COURT: That's what I'm talking about.
>
> MR. HART: You mean the Court didn't note when he got arraigned? The court file doesn't reflect that?
>
> THE COURT: The court file says that he was arraigned on September 13th 1999.

7

> MR. HART: That's what I just asked. I'm asking the Court to take judicial notice.
>
> THE COURT: Initially you asked something about a warrant, and I told you I had no way of knowing or didn't know it. And I looked at the court file and they are each undated. I asked my clerk to look on the computer, and the information he gave me was that the warrant was signed on November 11th 1999, from the computer. But the computer is not the court file. This is the official record.
>
> MR. HART: I wasn't asking when a warrant request was approved by the Prosecutor. I'm asking the Court to take judicial notice of the fact that Mr. Brown was not arraigned meaning brought before a judge, until September 13, 1999.
>
> (Discussion between Court and Clerk off record).
>
> THE COURT: The court file's record indicates that Mr. Brown was arraigned on the warrant on September 13th 1999.
>
> MR. HART: Thank you, your Honor.

20. Plaintiff will further set forth and establish that he was charged and convicted under a criminal statute, **MCL 750.316 & MCL 750.317**, that was/is unconstitutionally vague and void, as indicated by the Michigan Supreme Court in its 1980 decision in **People v Aaron, 409 Mich 672, 719**. The defendants knew fully well of the unconstitutionality of the criminal statute they employed prior to its utilization in the present case. However, that is a claim better left to another forum. Sufficient for this action is the constitutional and statutory violations that have occurred as set forth herein.

21. Defendant Mike Duggan, his actions satisfying the requisite causal connection for purposes of § 1983, set in motion a series of events that *** he knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights. [The plaintiff alleges that defendant Duggan (and likewise, defendant Kym L Worthy for her failure to correct or intervene after becoming successor and being made aware of the violative circumstances) caused the issuance of a warrant that lacked probable

cause, flowed from a unlawful arrest, and an unnecessarily delayed arraignment, resulting in Fourth, Fifth and Fourteenth Amendment violations].*4

22. Plaintiff was as stated earlier, arrested for "questioning" on September 8, 1999, and not Mirandized, but held incommunicado for several days, solely for the purpose of extracting a confession. Defendant Mike Duggan set in motion the events that violated plaintiff's constitutional rights, and defendant Kym L. Worthy, a successor to Duggan, being fully aware of the violative events failed to correct, intervene and continued the violative activities, and defendants Fisher, Shaw and Simon carried out the violative events with full knowledge of the clearly established constitutional and statutory rights.

23. During these events the plaintiff did not resist or threaten the officers in any fashion or break any rules. Plaintiff repeatedly requested an attorney, to be promptly arraigned before a judge, and requested medical care.

---

*4Title 42 USC § 1983 provides, in relevant part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Relative to "causal connection" see Mink v Knox, 613 F3d 995, 1001 (10th Cir. 2010, citing Snell v Tunnell, 920 F2d 673, 700 (10th Cir. 1990). Thus, "[F]or liability under Section 1983, direct participation is not necessary." Id.. (quotation omitted); see also Buck v City of Albuquerque, 549 F3d 1269, 1279-80 (10th Cir. 2008). "Any official who causes' a citizen to be deprived of his constitutional rights can also be held liable." Snell, 920 F2d at 700 (quotation omitted).

The plaintiff (as instant plaintiff has) may demonstrate causation by showing an affirmative link between the constitutional deprivation and the officer's exercise of control or direction. See Poolaw v Marcantel, 565 F3d 721, 732 (10th Cir. 2009).

**Denial of Due Process**

24. On September 8, 1999, at the point of arrest there was a failure by the defendants to give plaintiff his Miranda warning, since the sole purpose of the arrest for questioning was to extract a confession to a crime.

25. The five (5) days in taking plaintiff before a judge to be arraigned constituted a violation of due process [and/or a denial of equal protection, in that, similarly situated persons routinely are mirandized and promptly arraigned as the law so affords and requires.

**Claims for Relief**

26. The actions of defendant Duggan set in motion the events that other defendants carried out, engaged in and intentionally committed as Duggan caused the issuance of the warrant and arrest in violation of the Fourth and Fourteenth Amendment rights, either directly or by reviewing and approving the affidavit (or documents) submitted in support of the warrant and arrest.

27. Defendant Kym L. Worthy, being a successor to Mike Duggan, and being fully made aware of the violative actions flowing from her office through other defendant's under a supervision, direction and/or authority, failed to correct or intervene to correct, review or vindicate plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Defendant Worthy knew or should have known as the chief law enforcement official in the County of Wayne with the authority over the actions of police investigators and lower level prosecuting authorities, did nothing to correct, intervene or vindicate plaintiff's rights and/or relieve plaintiff from the unconstitutional restraint upon his liberty and emotional burdens attendant to same.

28. The actions of defendants Fisher, Shaw, Simon, 36th District Court

and 3rd Judicial Circuit Court, being the investigative authority, interrogators, front-line protectors of the rights of individuals criminally accused of an offense, warrant affidavit (document) reviewers for the determination of/for issuance of warrants for searches/arrests, knowing fully well what the clearly established constitutional and statutory rights in the criminal process and intentionally failing to enforce or comply with the established rights and rules acted singularly and jointly in concert, to violate the rights of plaintiff as set forth herein.

29. The failure of all defendants to properly arrest, promptly take plaintiff before a judge for arraignment, holding him for several days incommunicado with no contact with attorney or family, and doing so for the sole purpose of extracting a confession to use against plaintiff at trial to ensure a criminal conviction and substantial punishment (loss of liberty) and the attendant emotional stress/injury that accompanies such violative behavior by individuals (officials/agencies) under color of state law, did violate and subject plaintiff to a deprivation of his constitutional rights.

30. The failure to accord the constitutional and statutory rights clearly established and prescribed constitutes the tort of negligence under the law of both the United States and Michigan.

**Relief Requested**

Wherefore, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The arrest for questioning when the real purpose was to extract a confession without being mirandized or taken without delay before a judge to be arraigned violated plaintiff's Fourth, Fifth and Fourteenth Amendment rights.

2. That Defendant Duggan knew when he set in motion the events and/or neglected to properly review the affidavit/documents submitted in support of the arrest and warrant was going to cause

11

others to violate plaintiff's constitutional rights. And said actions were intentionally and designed to gain a criminal conviction and restraint of plaintiff's liberty unconstitutionally.

3. That the actions and/or failures of defendants Fisher, Shaw, Simon, 36th District Court and 3rd Judicial Circuit Court as well as the actions of defendant Worthy were intentional, conspiratorial and designed to injury plaintiff and gain a criminal conviction and loss of liberty. Moreover those actions violated clearly constitutional and statutory rights of plaintiff.

B. Issue an injunction ordering defendants Worthy and 3rd Judicial Circuit Court to:

1. Immediately arrange for the removal, expungement and/or use of the unlawfully obtained confession or any other evidence obtained as a result of the constitutional and statutory violations by defendants.

2. That defendant 3rd Judicial Circuit Court and Worthy immediately schedule and conduct the appropriate hearings in open court relative to the unlawful conduct of defendants Duggan, Fisher, Shaw, and Simon, for the purpose of reviewing their unlawful activities associated with the arrest and warrant during the period from September 8 thru 13, 1999. [Unnecessarily delayed arraignment and incommunicado circumstance/situation].

C. Award compensatory damages in the following amounts:

1. $2,000,000 jointly and severally against defendants Duggan and Worthy for the setting in motion and/or failing to act to correct or intervene to protect plaintiff from the events that violated his constitutional and statutory rights resulting in loss of liberty and emotional stress.

2. $4,000,000 jointly and severally against defendants Fisher, Shaw and Simon for the unlawful arrest, failing to promptly take before a judge to be arraigned and the unlawful extraction of a confession, and holding incommunicado.

3. $3,000,000 jointly and severally against defendants 36th District Court and 3rd Judicial Circuit Court for the issuance of authorization for arrest, warrant and/or failing to act to correct, intervene to protect and follow clearly established constitutional and statutory laws, mandates and rights of plaintiff.

D. Award punitive damages in the following amounts:

1. $1,000,000 each against defendants Duggan, Worthy, Fisher, Shaw and Simon;

2. $500,000 each against defendants 36th District Court and 3rd Judicial Circuit Court

E. Grant such other relief as it may appear that plaintiff is entitled.

Dated: 11/12/10

Steven Brown #416331
Plaintiff Pro Se
Mound Correctional Facility
17601 Mound Road
Detroit, MI  48212

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The undersigned declares that the foregoing is true and correct to the best of his knowledge, information and belief.

The foregoing is true and correct under the penalty of perjury.

Dated: 11/12/10

Steven Brown

| | | |
|---|---|---|
| Kym L. Worthy<br>PROSECUTING ATTORNEY<br><br>Richard Hathaway<br>CHIEF ASSISTANT | COUNTY OF WAYNE<br>OFFICE OF THE PROSECUTING ATTORNEY<br>DETROIT MICHIGAN | 1200 FRANK MURPHY HALL OF JUSTICE<br>1441 ST. ANTOINE STREET<br>DETROIT, MICHIGAN 48226-2302<br>TEL: (313) 224-5777<br>FAX: (313) 224-0974 |

November 30, 2009

Steven Brown #416331
Pine River Correctional Facility
320 N. Hubbard St.
St. Louis, MI 48880

Mr. Brown:

      Thank you for your letter regarding Case No. 99-10005. Unfortunately, we are unable to provide you with any assistance in this matter. All further inquiries should be directed to your appellate attorney for his or her review.

      Sincerely,

      Kym L. Worthy
      Prosecuting Attorney
      County of Wayne

      Matthew H. Forrest
      Wayne County Prosecutor's Office

*Detroit Branch* ... **NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**



May 13, 2002

**REVEREND WENDELL ANTHONY**
*President*

**HEASTER L. WHEELER**
*Executive Director*

Mr. Steven Brown #99-24672
WCJ
570 Clinton Street
Detroit, MI 48226

Dear Mr. Brown #99-24672:

This is in response to your claim filed against the Detroit Police Department for wrongful arrest.

A copy of your complaint along with our request for an investigation has been referred to the **U.S. Attorney's Office.**

Thank you for contacting us.

Sincerely,

Maryann Lee
Deputy Director

PHONE (313) 871-2087 • FAX (313) 871-7745 • 2990 EAST GRAND BOULEVARD • DETROIT, MICHIGAN 48202
www.detroitnaacp.org

LEGAL EXPITED MAIL

Steven Brown #416331
Pine River Correctional Facility
320 N. Hubbard St.
St. Louis, MI 48880

December 9, 2009

Third Judicial Circuit Court
Homicide Appeal Unit
1441 St. Antoine
Detroit, Mich 48226

RE: **Case No. 99-10005**

Dear Clerk:

I; Steven Brown, was informed by the prosecutor's office to redress my initial letter to head prosecutor Kym L. Worthy, requesting an investigation of my case # 99-10005, regarding **Corruption, Obstruction of Justice, and Conflict of Interest** to your office. I have enclosed a copy of my original letter that I sent certified mail to head prosecutor Kym L. Worthy.

My family and friends have sent numerous support letters to Kym L. Worthy office, requesting an full scale investigation of my case #99-10005.

We do obtain a copy of each support letter for our records.

Homicide Appeal Unit,

I am aware that your time is very valuable, but I am willing to present my facts and reveal the names of this public official and his wife and my relationship to these individuals as soon as possible.

In closing, my family, friends and myself humbly request that you will investigate this matter to the fullest degree and all parties involved. I thank you for your time and consideration of

(1)

this matter, and I look forward to your response.

                                          Sincerely,

                                    Steven Brown  12/9/09

encls:  S.B./H.A.U./Dept. of Justice/F.B.I. Govt corrution/Fraud Unit.

(2)



# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| Case No. 10-14589 | Judge: Patrick J. Duggan | Magistrate Judge: R. Steven Whalen |

**Name of 1st Listed Plaintiff/Petitioner:**
STEVEN BROWN

**Name of 1st Listed Defendant/Respondent:**
MIKE DUGGAN ET AL

**Inmate Number:** 416331

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**
Mound Correctional Facility
17601 Mound Road
Detroit, MI 48212
WAYNE COUNTY

**BASIS OF JURISDICTION**
☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**
☐ 530 Habeas Corpus
☐ 540 Mandamus
☒ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☒ IFP *In Forma Pauperis*
☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes    ☒ No
   ➤ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes    ☒ No
   ➤ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases