UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN BROWN, #416331,

                        Plaintiff,

                                                                       CASE NO. 10-14589

v.                                                                   HONORABLE ARTHUR J. TARNOW

MIKE DUGGAN, KYM L. WORTHY,
36TH DISTRICT COURT FOR THE CITY
OF DETROIT, THIRD JUDICIAL CIRCUIT
COURT FOR COUNTY OF WAYNE,
JAMES FISHER, TERRILL SHAW, and
BARBARA SIMON,

                        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

      Plaintiff Steven Brown, a state prisoner at Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* civil rights complaint for declaratory, monetary, and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1985. The defendants are two state courts and five individuals who are current or former employees of Wayne County, Michigan and the Detroit Police Department. Defendant Mike Duggan is a former Wayne County prosecuting attorney, and Kym L. Worthy is the current Wayne County prosecutor. Plaintiff also sues the 36th District Court in Detroit and the Third Judicial Circuit Court in Wayne County. Defendants James Fisher, Terrill Shaw, and Barbara Simon are investigators for the Detroit Police Department.

The complaint alleges that Plaintiff was arrested on September 8, 1999, and taken into custody for questioning after consenting to a warrantless search of his home. On September 9, 1999, defendants Fisher and Shaw interrogated Plaintiff without advising him of his constitutional rights. Plaintiff spent the night in lockup and was denied telephone calls to his family and a lawyer. On September 10, 1999, defendant Simon questioned Plaintiff and prepared a statement for Plaintiff to sign, but then sent Plaintiff back to lockup. On September 11, 1999, Plaintiff collapsed in his cell and was taken to the hospital. Defendant Mike Duggan subsequently authorized a warrant for Plaintiff's arrest, and on September 13, 1999, Plaintiff was arraigned on the warrant after being held incommunicado for several days. He was charged with first-degree murder and ultimately convicted of second-degree murder in the former Recorder's Court for the City of Detroit. The trial court sentenced Plaintiff to imprisonment for twenty-five to fifty years.

Plaintiff claims that he was illegally arrested, detained for the purpose of extracting a confession, denied a prompt arraignment, and denied medical care. He also alleges that the defendants conspired to violate his constitutional rights and that he is presently incarcerated as a direct result of the defendants' wrongful acts. He blames defendant Duggan for setting in motion events that led to the violation of his constitutional rights, and he asserts that defendant Kym L. Worthy failed to intervene and correct her predecessor's constitutional errors. Plaintiff claims that defendants Fisher, Shaw, and Simon also knowingly violated his constitutional rights.

*Brown v. Duggan, et al.*, No. 10-14589

## II. Standard of Review

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

> Section 1983 of Title 42, United States Code, reads in relevant part as follows:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*

*v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*., 550 U.S. at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

### III. Discussion

Plaintiff's claims about the 36th District Court and Third Judicial Court are frivolous and fail to state a claim because both courts are state courts and "a state court is not a 'person' within the meaning of that term as used in § 1983." *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). The claims for monetary relief from defendants Mike Duggan and Kym L. Worthy also are frivolous and fail to state a claim. As prosecutors, Duggan and Worthy enjoy absolute immunity from damages liability for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976). "Under Imbler, the issuance of charges . . . and the prosecution of those charges clearly fall within the scope of [the prosecutor's] duties in initiating and pursuing a criminal prosecution." *Cady v. Arenac County*, 574 F.3d 334, 339-40 (6th Cir. 2009) (quotation marks and citations omitted).

"An official is not entitled to immunity from actions seeking only injunctive or declaratory relief." *Spruytte v. Walters*, 753 F.2d 498, 510 (6th Cir. 1985) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S. Ct. 2727, 2732, 73 L. Ed. 2d 396 (1982)). And defendants Fisher, Shaw, and Simon do not enjoy absolute immunity from suit. However, Plaintiff's challenge to his arrest, conviction, and incarceration would be more appropriate in a habeas

4

corpus petition, following exhaustion of state remedies, because he is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 & 499 n. 14, 93 S. Ct. 1827, 1841 & 1841 n.14, 36 L. Ed. 2d 439 (1973).

Plaintiff has no right to relief for allegedly unconstitutional conviction or imprisonment unless his conviction or sentence has been reversed, expunged, or invalidated by state officials or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Although Plaintiff claims that *Heck* is not applicable here, *Heck* and progeny, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005) (emphasis in original).

Plaintiff has not alleged or demonstrated that his conviction and imprisonment were invalidated by state officials or impugned by federal officials on habeas corpus review, and success in this action would demonstrate the invalidity of his conviction, sentence, and present incarceration. Therefore, his claims are not cognizable in this civil rights action.

### IV. Conclusion

Plaintiff's allegations are frivolous, fail to state a claim for which relief may be granted, and seek money damages from two individuals who are immune from such relief. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

*Brown v. Duggan, et al.*, No. 10-14589

An appeal from this decision could not be taken in good faith. Therefore, Plaintiff may not proceed without prepayment of the appellate fees and costs if he chooses to appeal this decision. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: December 10, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 10, 2010, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary